IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CR-18-0041-5-F |
| | ) |
| JESUS OMAR PORRAS-PANDO, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Defendant Jesus Omar Porras-Pando, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines.[1]  Doc. no. 616.  Plaintiff United States of America has responded in opposition to the motion.  Doc. no. 619.  The matter is at issue.

On February 20, 2019, defendant pleaded guilty, pursuant to a plea agreement, to Count 33 of the Indictment charging him with maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1).  The Probation Office prepared a final presentence investigation report (doc. no. 389), which calculated defendant's base offense level and adjusted offense level at 40.  Applying a three-level reduction under U.S.S.G.[2] § 3E1.1 for acceptance of responsibility, defendant's total offense level was 37.

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] United States Sentencing Guidelines.

Based on his criminal history, defendant was assessed a criminal history score of zero, establishing a criminal history category of I.  With a total offense level of 37 and a criminal history category of I, defendant's guideline imprisonment range was 210 months to 262 months.  As the statutory maximum for defendant's offense (20 years) was less than the maximum of the guideline imprisonment range and defendant's guideline imprisonment range was 210 months to 240 months.

At sentencing, the court made changes to the final presentence investigation report.  It disregarded several paragraphs of the offense conduct which affected the drug quantities attributable to defendant.  It also found that defendant was not entitled to the reduction for acceptance of responsibility.  The court utilized a total offense level of 40 and a criminal history category of I to reach a guideline imprisonment range of 240 months.  The court then varied downward and sentenced defendant to a term of imprisonment of 115 months.  Judgment was entered on September 19, 2019.

Defendant requested and was granted an extension of time to file a notice of appeal, but he did not file a direct appeal; instead, he filed a petition for writ of mandamus.  The Tenth Circuit denied the petition for writ of mandamus.  Subsequently, defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which this court dismissed in part and denied in part.

In his current motion, defendant asks the court to adjust his sentence based upon Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines, effective November 1, 2023, given that he received zero criminal history points.

Generally, a court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  Congress has provided a few exceptions to this rule.  One such exception is "the case of a defendant who has been sentenced to a

term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C.§ 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 617), the court finds that defendant is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1). The amendment reduces defendant's guideline range by two offense levels, reducing defendant's total offense level from 40 to 38. With an offense level of 38, a criminal history category of I, and the statutory maximum sentence of 20 years, defendant's amended guideline range would be 235 to 240 months' imprisonment.

However, under U.S.S.G. § 1B1.10(b)(2)(A), the court cannot reduce a defendant's term of imprisonment under § 3582(c)(2) to a term that is less than the minimum of the amended guideline range, unless defendant's term of imprisonment resulted from a government motion to reflect substantial assistance under U.S.S.G. § 1B1.10(b)(2)(B). Defendant's term of imprisonment of 115 months is less than

the minimum of the amended guideline range and defendant's term of imprisonment did not result from a government motion to reflect substantial assistance under U.S.S.G. § 1B1.10(b)(2)(B).  As such, defendant is not eligible for a reduction of sentence under Amendment 821 (Part B, Subpart1).  Therefore, defendant's motion will be dismissed.

Accordingly, defendant Jesus Omar Porras-Pando's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines (doc. no. 616) is **DISMISSED**.

IT IS SO ORDERED this 26th day of March, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0041p116 (Porras-Pando).docx